UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 06-277-GFVT

CLINT WAYNE THOMAS,                                                                                  PLAINTIFF,


V.           **MAGISTRATE JUDGE'S REPORT
             AND RECOMMENDATION**


MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                                     DEFENDANT.


## I.  INTRODUCTION

Plaintiff, Clint Wayne Thomas, brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for Disability Insurance Benefits ("DIB").  This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that Plaintiff's motion for summary judgment [Record No. 6] be denied, Defendant Commissioner's motion for summary judgment [Record No. 7] be granted, and Judgment be entered affirming the final decision of the Commissioner.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his first application for DIB on July 6, 2004, which was denied initially and on reconsideration.  [Tr. 15.]  At Plaintiff's request, an administrative hearing, presided over by

Administrative Law Judge John M. Lawrence (hereinafter "ALJ"), was conducted on January 9, 2006. [Id.] Plaintiff appeared and testified at the hearing with the assistance of counsel, Don Smith. [Id.] Also testifying was vocational expert Betty L. Hale (hereinafter "VE"). [Id.] On April 12, 2006, the ALJ found Plaintiff disabled for a closed period and awarded benefits for that period. [Tr. 23.] The ALJ also found that the claimant became able to perform sedentary work on May 11, 2005 and thus was not entitled to DIB after that date. [Id.] The Appeals Council declined on October 24, 2006, to review the ALJ's decision [Tr. 6] and Plaintiff now seeks judicial review.

Plaintiff was 38 at the time of the administrative hearing. [Tr. 20.] He has a high school education and previously worked as a coal miner. [Tr. 20, 22.] His alleged onset of disability is December 30, 2003, due to status post bilateral laminectomies with fusion at L5 and S1, and post-laminectomy syndrome. [Tr. 19.]

Plaintiff injured his back in a work-related accident in 2001 and was treated conservatively and returned to work, although he still complained of pain. [Tr. 19.] A magnetic resonance imaging scan revealed degenerative changes at the L5 level, and in December 2003 Plaintiff underwent bilateral laminectomies at L5-S1 with fusing, which was successful. [Id.] A post-surgical x-ray of the lumbar spine showed good position of relevant spinal elements and no herniation or stenosis was detected. [Tr. 120-41.] Plaintiff continued to complain of back pain and was referred for pain management, finally being referred to his family physician for maintenance of a medication regimen. [Tr. 19-22.]

In determining whether a claimant is disabled, an ALJ undertakes a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520, 416.920. This process was summarized by the Sixth Circuit Court of Appeals in Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir.

2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

336 F.3d at 474 (internal citations omitted).

In instances where some period of disability is found to exist, such as the instant case, an ALJ must determine if the claimant's disability continues through the date of his or her decision:

> There is a statutory requirement that, if you are entitled to disability benefits, your continued entitlement to such benefits must be reviewed periodically. If you are entitled to disability benefits as a disabled worker . . . there are a number of factors we consider in deciding whether your disability continues. We must determine if there has been any medical improvement in your impairment(s) and, if so, whether this medical improvement is related to your ability to work. If your impairment(s) has not medically improved we must consider whether one or more of the exceptions to medical improvement applies. If medical improvement related to your ability to work has not occurred and no exception applies, your benefits will continue. Even where medical improvement related to your ability to work has occurred or an exception applies, in most cases (see paragraph (e) of this section for exceptions), we must also show that you are currently able to engage in substantial gainful activity before we can find that you are no longer disabled.

20 C.F.R. § 404.1594.

The regulations define medical improvement as the following:

any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs, and/or laboratory findings associated with your impairment(s).

20 C.F.R. § 404.1594(b)(1). The ALJ found that the Plaintiff was under a disability, as defined by

the Social Security Act, from December 30, 2003 until May 11, 2005. For this reason, the ALJ's ruling is essentially divided into the period prior to May 11, 2005, and the time subsequent to that date.

At the first step of the sequential evaluation process in the instant case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 30, 2003 and continuing until the time of the hearing. [Tr. 19.] At the second step, the ALJ found that Plaintiff's medically determinable impairments – status post bilateral laminectomies with fusion at L5 and S1 and post laminectomy syndrome – were severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921. [Tr. 19.] At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, either before or after May 11, 2005, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 19, 21.] At the fourth step, the ALJ found that Plaintiff was unable to perform his past relevant work, either during or after his period of disability. See 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). [Tr. 20, 22.]

At the fifth and final step, relying on the testimony of the VE and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity (hereinafter "RFC"), the ALJ found that, after May 11, 2005, Plaintiff had made relevant medical improvement and could now perform sedentary exertional work. As a result, the ALJ ruled that Plaintiff was capable of making a successful adjustment to work existing in significant numbers in the national economy. On this basis, the ALJ denied his claim for DIB beyond the period of disability previously determined. [Tr. 21-23.]

An RFC evaluation is the assessment of a claimant's maximum remaining capacity to

4

perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567, *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708, *11 (6th Cir. Jan. 12, 2001). In this case, the ALJ found the Plaintiff's RFC – subsequent to the ending date of his disability – to be the following:

> to lift and carry 10 pounds occasionally and 5 pounds frequently, sit at will, sit for intervals of one hour, with no climbing ladders, ropes or scaffolds and only occasionally kneeling and crouching.

[Tr. 21-22.]

Although not per se required, the testimony of a VE is the preferred method of evaluating whether a claimant is capable of returning to past relevant work or making a successful adjustment to other work found in significant numbers in the national economy. See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043, *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538, *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978). In this case, the VE testified that:

> the individual would be able to perform the requirements of representative occupations such as bench assembly, sedentary cashier and non-hazardous security jobs. There are 161,000 bench assembly jobs in the national economy and 3,200 such jobs in the state economy. There are 602,000 sedentary cashier jobs in the national economy and 9,500 such jobs in the state economy. There are 109,000 non-hazardous security jobs in the national economy and 1,400 such jobs in the state economy.

[Tr. 23.]

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on October 24, 2006. [Tr. 6.] Plaintiff thereafter filed this

5

action and the parties' motions for summary judgment [Record Nos. 6 & 7] are now ripe for review.

### III. ANALYSIS

A.  General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled  is supported by substantial evidence.  42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"  and is based on the record as a whole, taking into account what evidence fairly detracts from its weight.  Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

 Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Casey  v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th  Cir. 1999).

The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862

F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

### B. Substantial Evidence

Plaintiff's sole argument on appeal is that the ALJ's opinion is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ did not afford proper weight to the opinions of treating physicians, and did not consider all of Plaintiff's impairments in combination.

It is clear from a review of the record that the ALJ properly considered the opinions of Plaintiff's treating physicians, Drs. Leon Ravin and John Gilbert. First, it is noted that the ALJ relied on the opinions of these experts in finding that the Plaintiff was disabled during the closed period. [Tr. 19-23.] Dr. Ravin noted, five months after Plaintiff's laminectomy, that Plaintiff was "doing much better," and that he was no longer experiencing "constant" pain, or numbness or pain in his left leg. [Tr. 136.] Dr. Ravin also noted that, while Plaintiff could not return to his previous employment, he could perform light work. [Tr. 135-36.] Dr. Ravin's work restrictions are reflected in the ALJ's RFC determination. [Tr. 135-36, 21-22.] These findings are supported by testing and the opinions of other medical experts, including the examining physician, Dr. Russell Travis. [Tr. 132-44; 157-68.]

Dr. John Gilbert, on May 11, 2005, reported that: "There is no change. He continues with low back pain and leg pain, secondary to a work injury 5/2001. He has subsequently had surgery elsewhere. He is following up with his primary care physician for pain management. He is on an appropriate pain regimen." [Tr. 224.] Plaintiff points to no evidence in the record that the ALJ failed to consider, and the fact that some evidence may indicate his impairments are more severe than the determination made by the ALJ, is insufficient to show a lack of substantial evidence. Plaintiff's treating physician indicates that he can perform light work and the ALJ adopted the work restrictions

advised by that physician (Dr. Ravin). Coupled with the other opinions in the record and objective medical findings, it is clear the ALJ's opinion was supported by substantial evidence.

Finally, Plaintiff contends that the ALJ did not consider all of his impairments in a combined fashion when determining disability. However, in addressing step three of the sequential evaluation process, the ALJ noted that the Plaintiff did "not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1." [Tr. 19.] The Commissioner correctly notes that the Sixth Circuit does not require an ALJ to specifically state he or she underwent a separate step of evaluating alleged impairments in combination, and that specific discussion of some impairments and not others does not mean all impairments were not considered in combination. Loy v. Sec'y of Health and Human Serv., 901 F.2d 1306, 1310 (6th Cir. 1990). The Court also held that an ALJ's reference to an impairment or combination of impairments not meeting one listed in the regulations suffices to show that all impairments were considered in combination. Id.

Plaintiff, in his Motion for Summary Judgment [Record No. 6], merely reiterates the medical evidence in the record that appears to directly support his claim while failing to address the evidence that tends to support the conclusion that he is not disabled. It is clear that the ALJ considered all of the evidence in the record, evaluated the Plaintiff's credibility and came to a conclusion. The ALJ found Plaintiff's claimed impairments to be severe and reflected those limitations in his RFC assessment. [Tr. 21.] Further, the ALJ included all of those limitations in his hypothetical questions to the VE, who found significant numbers of jobs that the Plaintiff could perform even with those limitations. [Tr. 21-23.]

As outlined above, the standard of review on appeal before this Court is substantial evidence.

The fact that some of the evidence in the record may support a contrary conclusion to that reached by the ALJ, if any exists, is insufficient grounds for reversal. See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90. Therefore, substantial evidence exists in the record to support the ALJ's decision finding Plaintiff not disabled thus not entitled to DIB benefits. See O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978); Valey v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987).

## IV. CONCLUSION

For the reasons set forth above, it is recommended that: Defendant Commissioner's motion for summary judgment [Record No. 7] be granted; Plaintiff's motion for summary judgment [Record No. 6] be denied; Judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice; and, that this action be stricken from the Court's docket.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed August 23, 2007.



**Signed By:**
*Edward B. Atkins*  EBA
**United States Magistrate Judge**